UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| NARHA DIAZ-DIAZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUIS G. FORTUÑO-BURSET, in his personal and official capacity, and <br> RUBÉN HERNÁNDEZ-GREGORAT, in his personal and official capacity, <br><br> Defendants. | Civil No. 11-1632 (JAF) |

**OPINION AND ORDER**

Plaintiffs sue claiming that a Commonwealth statute, known as "Law 7," the "Special Act Declaring a State of Fiscal Emergency and Establishing a Comprehensive Fiscal Stabilization Plan to Salvage the Credit of Puerto Rico," 3 L.P.R.A. §§ 8791–8810 (2009) [hereinafter "Law 7"], violates their rights giving rise to claims under the U.S. Constitution via 42 U.S.C. § 1983, the Puerto Rico Constitution, and the Commonwealth's general tort statute, 31 L.P.R.A. § 5141 ("Article 1802"). (Docket No. 1.) Plaintiffs sue Governor Luis Fortuño-Burset, in his individual and official capacity, and Rubén Hernández-Gregorat, in his individual capacity and official capacity as Secretary of Transportation and Public Works (together "Defendants"). Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 17.) Plaintiffs oppose. (Docket No. 18.)

## I.

## **Allegations**

We derive the following allegations from the complaint. (Docket No. 1.) Plaintiffs, former employees of the Commonwealth Department of Transportation and Public Works ("DTOP"), previously worked as career employees at a subdivision of the DTOP. (Id. at 3.) Plaintiffs allege that they "belonged to a labor union that had negotiated a collective bargaining agreement [("CBA")] with the DTOP on their behalf." (Id.) They allege that the CBA—which Plaintiffs do not attach to the Complaint or otherwise submit as an exhibit—contained "several protections against layoffs, chief of which was the requirement that the government negotiate any layoff plan with the union." (Id. at 4.) Plaintiffs do not elaborate on the terms of the CBA or give any detail on specific layoff protections, but they do allege that if Defendants had respected their "rights under the CBA, a layoff plan (previously negotiated with the union) would have been enacted for them to be terminated rather than the sui generis procedure used under Law 7. That is to say, [P]laintiffs would still be working." (Id. at 5.)

Plaintiffs' brief sketch of Law 7 gives no background, merely alleging that it resulted in a "massive layoff of government personnel . . . and the suspension of employee's rights regarding layoffs, guaranteed by the [CBAs] then in effect." (Id.) Plaintiffs also note that Law 7 arose from a "monumental deficit in the funds from which [public employee] salaries are paid." (Id.) Plaintiffs allege that their salaries did not come from the Commonwealth's general fund, but from a separate pool of money funded by traffic fines. (Id. at 5–6.)

## II.

### **Standard for Motion to Dismiss Under 12(b)(6)**

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

"[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering a complaint's adequacy, we disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (internal quotation marks omitted). We then take as true what remains, "[n]onconclusory factual allegations . . . even if seemingly incredible." Id. On the basis of those properly pled facts, we assess the "reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.

## III.

### **Analysis**

Plaintiffs allege that Law 7's interference with their CBAs violated their rights under the Contract Clause, U.S. Const. art. I, § 10, cl. 1, the Commonwealth constitution, and Article 1802. (Docket No. 1 at 6.) Defendants argue that: 1) qualified immunity shields them from suit; 2) the statute of limitations has run on Plaintiffs' claims; and 3) Plaintiffs

Civil No. 11-1632 (JAF) -4-

have failed to state a Contract Clause claim. (Docket No. 17.) For the reasons discussed below,[1] we agree with Defendants and dismiss the case.

**A.  Qualified Immunity**

Defendants argue that qualified immunity applies in this case. (Docket Nos. 17 at 18; 26.) We agree.

**1.  Qualified Immunity Standard**

State or Commonwealth officials sued in their personal capacity may raise qualified immunity as an affirmative defense against damages liability. Harlow v. Fitzgerald, 457 U.S. 800, 808 (1982). In fact, the qualified immunity offers "defendant public officials an immunity from suit and not a mere defense to liability . . . . For this reason, immunity is to be resolved at the earliest possible stage in litigation." Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (citations omitted). The qualified immunity test has two prongs: "A court must decide: (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." Id. at 268–69 (1st Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. 223, 234 (2009)). Defendants bear the burden of proof for establishing the affirmative defense. DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 35 (1st Cir. 2001) (citing Harlow, 457 U.S. at 815). For the reasons laid out below, we determine that Plaintiffs fail the first prong and, thus, qualified immunity applies.

**2.  Contract Clause Inquiry**

The Contract Clause prohibits states from passing any "Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. Over two years ago, the Supreme Court of

---

[1] Because we base our decision on the qualified immunity analysis, we do not reach the statute of limitations argument.

Civil No. 11-1632 (JAF) -5-

Puerto Rico dismissed a Contract Clause challenge to Law 7. Dominguez Castro v. Puerto Rico, 178 D.P.R. 1, 88 (P.R. 2010) (deeming Law 7 reasonable and necessary measure to combat fiscal state of emergency). Later, in United Auto., Aerospace, Agr. Implement Workers of Am. Int'l Union v. Fortuño, the First Circuit dealt with yet another Contract Clause challenge to Law 7, affirming the dismissal of the case for failure to properly state a Contract Clause Claim.[2] 633 F.3d 37, 47 (1st Cir. 2011).

Despite its strong wording, the Contract Clause "does not make unlawful every state law that conflicts with any contract. Rather, [a] court's task is to reconcile the strictures of the Contract Clause with the essential attributes of sovereign power necessarily reserved by the States to safeguard the welfare of their citizens." Id. at 41 (internal quotation marks and citations omitted). We employ yet another two-pronged test for the Contract Clause analysis, inquiring 1) whether the state law operated as a substantial impairment of a contractual relationship; if we find substantial impairment, we next ask 2) "whether the impairment was reasonable and necessary to serve an important government purpose." Id. (internal quotation marks and citations omitted). The plaintiff bears the burden of establishing lack of reasonableness or necessity. Id. at 45. Where the state impairs a public contract to which it is a party, the state's self-interest is at stake and, thus, we afford less deference to the state decision to alter its own contractual obligations. Id. at 43 (citing Parella v. Ret. Bd. of R.I. Emps.' Ret. Sys., 173 F.3d 46, 59 (1st Cir. 1999)). However,

---

[2] Plaintiffs argue that their claims differ from those in the two aforementioned cases, arguing that their salaries were allegedly paid from a separate pool of funds (from traffic fines), rather than the Commonwealth's general funds. (Docket No. 18.) However, we need not reach this argument, since we find that the Plaintiffs failed to properly allege the elements of a Contract Clause claim.

Civil No. 11-1632 (JAF)                                                                                            -6-

"'less deference does not imply no deference'"[3] to the state's decision. Dominguez Castro, 178 D.P.R. at 86 (quoting Buffalo Teachers Fed'n v. Tobe, 464 F.3d 362, 370 (2d Cir. 2006)); accord United Auto, 633 F.3d at 44.

But, just like the plaintiffs in United Auto, Plaintiffs in the present case have "failed to plead sufficient facts from which a court could reasonably infer that [Law] 7 was unnecessary or unreasonable." 633 F.3d at 46. The United Auto court affirmed dismissal for the complaint's failure "to sufficiently describe the contractual provisions allegedly impaired by Act No. 7" and the resulting failure "to demonstrate the extent of those impairments." Id. Plaintiffs here have likewise completely failed to describe the CBA that they claim that Law 7 impaired. They submit no example of the CBA, nor do they describe any of the supposed layoff protections beyond briefly mentioning that the CBA required unspecified "negotiations" preceding any layoffs. (Docket Nos. 1; 18.) As the First Circuit stated:

> Merely listing the subject matter covered by the contractual provisions at issue is of little help. Rather, determining the extent to which Act No. 7 undermined the plaintiffs' contractual expectations requires knowing what precisely the CBAs promised concerning promotions, demotions, transfers, layoffs, etc. Even though we assume arguendo that there was an impairment, and that the impairment was substantial, ascertaining the severity of the impairment is still a critical inquiry in determining whether a state action is a reasonable means of advancing a public purpose.

United Auto, 633 F.3d at 46 (citing Energy Reserves Grp v. Kan. Power & Light Co., 459 U.S. 400, 410, 411 (1983)).

---

[3] The First Circuit has explained that "even when the state impairs its own contractual obligations, the state's judgment that the impairment was justified is afforded meaningful deference." United Auto, 633 F.3d at 44 (internal quotation marks omitted) (quoting Buffalo Teachers, 464 F.3d at 370).

Civil No. 11-1632 (JAF)                                                                                              -7-

Moreover, Plaintiffs here also fail to allege anything to contradict the "credibility of Act No. 7's statement that it was enacted to remedy a $3.2 billion deficit. The complaint alleges nothing, other than the conclusory statement that" Defendants acted with reckless disregard for Plaintiffs' constitutional rights. Id. "Nor does the complaint aver facts demonstrating that Act No. 7 was an excessively drastic means of tackling the deficit." Id. at 47. Plaintiffs do not claim that less severe alternatives exist that the legislature failed to consider. "Finally, no facts have been pled to suggest that Act No. 7 was enacted to benefit a special interest at the expense of Puerto Rico's public employees." Id. In sum, Plaintiffs have completely failed to meet their burden of properly alleging a factual basis for a finding that Law 7 was unreasonable or unnecessary. Therefore, Plaintiffs fail the first qualified immunity prong, and Defendants in their personal capacity are immune from damages claims. Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011).

**B.     Remaining Claim under § 1983**

To the extent that the portion of Plaintiffs' § 1983 claim seeking injunctive relief against Defendants in their official capacity remains unaffected by qualified immunity, we dismiss it. Under Federal Rule of Civil Procedure 12(b)(6), Defendants argue that Plaintiffs fail to state a claim, and we agree. "To state a violation of § 1983, a plaintiff must show that 'the official, acting under color of state law, caused the deprivation of a federal right.'" DiMarco-Zappa, 238 F.3d at 33 (citing § 1983). To overcome a motion to dismiss, a § 1983 plaintiff "must allege (1) the violation of a right protected by the Constitution or laws of the United States and (2) that the perpetrator of the violation was acting under color of law." Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir. 2000) (citing Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir. 1991)). As discussed above in Part III.A.2., Plaintiffs have

Civil No. 11-1632 (JAF)                                                                                                  -8-

failed to properly allege the deprivation of a federal right (under the Contract Clause) and, therefore, they also fail to state a § 1983 claim under Federal Rule of Civil Procedure 12(b)(6). See Penalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

**C.     Supplemental Commonwealth Claims**

We decline to exercise supplemental jurisdiction over the remaining associated Commonwealth claims, since the jurisdictional basis for maintaining Plaintiffs' Puerto Rico claims has been undermined by dismissal of the federal claim. Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992). Accordingly, those supplemental Commonwealth claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**IV.**

**Conclusion**

Given the foregoing, we hereby **GRANT** Defendants' motion to dismiss (Docket No. 17). Plaintiffs' federal Contract Clause claims are **DISMISSED WITH PREJUDICE**, and their supplemental Commonwealth claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of June, 2012.

                s/José Antonio Fusté
                JOSE ANTONIO FUSTE
                United States District Judge