UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| NARHA DIAZ-DIAZ, et al., | |
| Plaintiffs, | Civil No. 11-1632 (JAF) |
| v. | |
| LUIS G. FORTUÑO-BURSET, in his personal and official capacity, and RUBÉN HERNÁNDEZ-GREGORAT, in his personal and official capacity, | |
| Defendants. | |

**OPINION AND ORDER**

Before the court is a motion to alter or amend judgment, filed by Plaintiffs. (Docket No. 30.) Plaintiffs request that their motion be construed as one under Fed. R. Civ. P. 59(e). (Docket No. 32.) Defendants oppose the motion. (Docket No. 36.) For the following reasons, we deny Plaintiffs' motion.

**I.**

**Factual Synopsis**

In this suit, Plaintiffs claimed that a Commonwealth statute, known as "Law 7," the "Special Act Declaring a State of Fiscal Emergency and Establishing a Comprehensive Fiscal Stabilization Plan to Salvage the Credit of Puerto Rico," 3 L.P.R.A. §§ 8791–8810 (2009) [hereinafter "Law 7"], violated their rights, giving rise to claims under the U.S. Constitution via 42 U.S.C. § 1983, the Puerto Rico Constitution, and the Commonwealth's general tort statute, 31 L.P.R.A. § 5141 ("Article 1802"). (Docket No. 1.) Plaintiffs sued Governor Luis Fortuño-Burset, in his individual and official capacity, and Rubén

Civil No. 11-1632 (JAF) -2-

Hernández-Gregorat, in his individual capacity and official capacity as Secretary of Transportation and Public Works (together "Defendants"). Defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 17.) Plaintiffs opposed. (Docket No. 18.) We granted Defendants' motion to dismiss. (Docket No. 29.)

## II.

## **Legal Analysis**

Plaintiffs now bring a motion pursuant to Fed. R. Civ. P. 59(3). (Docket Nos. 30; 32.) In this circuit, "a motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under [Rule] 59(e)'" of the Federal Rules of Civil Procedure. Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)). First Circuit case law "generally offer[s] three grounds for a valid Rule 59(e) motion: An 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence."[1] Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 11 (1st Cir. 2012) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008)). Plaintiffs' motion impliedly argues that our judgment was based on a clear legal error. We disagree.

In our opinion and order, we held that Plaintiffs had failed to plead the elements of a claim under the Contract Clause of the U.S. Constitution. In evaluating such a claim, courts employ a two-part test. See United Auto., Aerospace, Agr. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 47 (1st Cir. 2011) (affirming the dismissal of a challenge to Law 7 under the Contract Clause). A court asks: 1) whether the state law operated as a

---

[1] The First Circuit has also mentioned prevention of "manifest injustice" as another narrow ground for granting a Rule 59(e) motion. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

substantial impairment of a contractual relationship; if we find impairment, we next ask 2) "whether the impairment was reasonable and necessary to serve an important government purpose." Id. (internal quotation marks and citations omitted). The plaintiff bears the burden of establishing lack of reasonableness or necessity. Id. at 45.

In our opinion, we cited United Auto, 633 F.3d at 46, holding that Plaintiffs had failed to plead sufficient facts to show that Law 7 was unnecessary or unreasonable. (Docket No. 29 at 7.) Similar to the plaintiffs in United Auto, these Plaintiffs failed to describe the CBA that they claim that Law 7 impaired. They submitted no example of the CBA, nor did they describe any of the supposed layoff protections beyond briefly mentioning that the CBA required unspecified "negotiations" preceding any layoffs. (Docket Nos. 1; 18.) As Defendants argue in their opposition, (Docket No. 36), Plaintiffs' motion for reconsideration completely ignores this basis for our earlier dismissal.

Plaintiffs' sole argument here is that because their salaries are "paid from revenue sources that Law 7 does not purport to affect," Defendants' interference with their CBAs was unreasonable. (Docket No. 30 at 2.) We already considered, and rejected, Plaintiffs' argument that the independent source of their salaries distinguished their case from United Auto and Dominguez Castro v. Puerto Rico, 178 D.P.R. 1, 88 (P.R. 2010). In our opinion, we noted that this argument was insufficient to overcome Plaintiffs' failure to plead a proper claim under the Contract Clause. (Docket No. 29 at 5 n.2.) The same is still true. We remind Plaintiffs that "a party cannot use a Rule 59(e) motion to rehash arguments previously rejected." Soto-Padró, 675 F.3d at 11 (internal quotation marks and citations omitted).

Civil No. 11-1632 (JAF)                                                                                                  -4-

Even if it were necessary to address this argument, Plaintiffs would still fail to show that the challenged provisions of Law 7 were not "reasonable and necessary to serve an important government purpose." United Auto, 633 F.3d at 41. In United Auto, the First Circuit set forth a long list of considerations that inform this determination. 633 F.3d at 46. Some of the factors that we consider include whether Law 7: "1) was an emergency measure; 2) was one to protect a basic societal interest, rather than particular individuals; 3) was tailored appropriately to its purpose; 4) imposed reasonable conditions; and 5) was limited to the duration of the emergency. Id. (citing Energy Reserves Grp., 459 U.S. at 410 n.11). Plaintiffs have failed to make any arguments with respect to several of these factors. "No facts have been pled to suggest that [Law 7] was enacted to benefit a special interest at the expense of Puerto Rico's public employees." Id. Nor have Plaintiffs shown that Law 7 was not an emergency measure limited to the duration of the emergency. Id. Another "important consideration" that Plaintiffs fail to address is their "diminished expectation that their contracts will not be impaired by the government," by virtue of their status as public employees. Id. (citing Baltimore Teachers Union, 6 F.3d at 1021).

Instead of addressing these numerous considerations, Plaintiffs present one weak and undeveloped argument: That it was unreasonable for Law 7 to target their CBA, because their salaries were paid from traffic-related revenues rather than from Puerto Rico's general fund. (Docket No. 30.) Defendants respond that it was reasonable to target Plaintiffs' salaries; regardless of which revenue stream funded Plaintiffs' salaries, the savings generated by these measures would still help stabilize Puerto Rico's overall fiscal health.

Civil No. 11-1632 (JAF) -5-

(Docket No. 36.) We agree with Defendants. Plaintiffs were former employees of the Commonwealth Department of Transportation and Public Works ("DTOP"), and "employee compensation is a principal expenditure" in Puerto Rico's total consolidated budget in 2009. See id. at 49 n.18 (Boudin, J., concurring) (citing P.R. Office of Mgmt. & Budget, Government of Puerto Rico, FY 2009-2010 Budget: Executive Summary 8 (2009)). Any money that the government saved on employee salaries would have freed up revenue to go toward other ends, consistent with Law 7's broadly-stated purpose of establishing "a comprehensive and coherent fiscal stabilization plan." See Section 2 of Act Mar. 9, 2009, No. 7, 3 L.P.R.A. § 8791 (2009). During "one of the worst financial crises in its history, [Puerto Rico's] government has been running a large structural deficit, and its credit has been in jeopardy." Id. Against such a backdrop, Plaintiffs' barebones arguments are insufficient to show that Defendants' cost-saving measures were not "reasonable and necessary to serve an important government purpose." Id. at 41.

## III.

## Conclusion

Given the foregoing, we hereby **DENY** Plaintiffs' motion to reconsider (Docket No. 30).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of February, 2013.

           s/José Antonio Fusté
           JOSE ANTONIO FUSTE
           United States District Judge